## Emma H. Dacy, Administratrix, et al., Appellants, v. George G. Goll et al., Appellees.

### Gen. No. 14,534.

1. APPEALS AND ERRORS—*when finding of court not disturbed.* A finding of fact by the court will not be set aside on review as against the evidence unless clearly and manifestly so.

2. WITNESSES—*how and when objection to competency must be made.* An objection to the competency of a witness must be specific and an objection to a question propounded to him is not sufficient; an objection not being made in the trial court comes too late on review.

Proceeding in court of probate. Appeal from the Probate Court of Cook county; the Hon. CHARLES S. CUTTING, Judge, presiding. Heard in this court at the March term, 1908. Affirmed. Opinion filed June 8, 1909.

JOHN LEO FAY, for appellants; FRANCIS W. WALKER and ALBERT G. WELCH, of counsel.

DURAND & CUNNINGHAM and BARR, BARR & BARR, for appellees.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

This is an appeal from a decree of the Probate Court dismissing a petition for leave to sell real property to pay a claim against the estate. Emma H. Dacy, administratrix of the estate, which was of Emma A. Goll, deceased, filed the petition, making George G. Goll, Berta M. Goll, I. Blanche Cushing, Clayton Cunningham, as trustee and individually, Clarence N. Durand and others, defendants. The petition avers, among other things, that Emma A. Goll died intestate September 5, 1900, and September 6, 1900, Bruno H. Goll was appointed administrator of her estate; that said Bruno H. Goll died September 27, 1905, and petitioner was appointed administratrix *de bonis non* of said estate. The petition then avers facts showing a

deficiency of $4,109.79 to pay claims allowed against the estate, and avers that all claims have been paid except a claim of $6,000 in favor of Bruno H. Goll, which claim was founded on a promissory note of date October 1, 1896, due four years after its date, made by Emma Goll to Bruno H. Goll, for the sum of $10,000, on which note there was a credit of $4,000. The petition concludes by averring that Emma A. Goll left her surviving Bruno H. Goll, her son, petitioner, Emma H. Dacy, wife of Albert E. Dacy, her daughter, I. Blanche Goll, her daughter, married to Melvin A. Cushing, and George E. Goll, her son, and only heirs at law, and that Berta M. Goll is the wife of George G. Goll. Bruno Goll died testate September 27, 1905, and was never married, and Emma H. Dacy and I. Blanche Cushing are the sole devisees and legatees under the last will and testament of Bruno H. Goll, who left him surviving Emma H. Dacy, I. Blanche Goll (now Cushing), and George G. Goll, his only heirs at law.

Mrs. Cushing and Mrs. Dacy, as an individual, filed answers, consenting to entry of decree, as prayed. George G. Goll, Berta M. Goll, Clayton Cunningham as trustee and individually, and Clarence N. Durand answered, averring, among other things, that the note was given to Bruno H. Goll as an advancement and should be charged against his share in the estate. By an amendment to the answer, it is averred that there was no good or valuable consideration for the note. Replications were filed to the answers. The sole contested issue on the hearing was whether there was any consideration for the note.

Mrs. Dacy, the administratrix, and Mrs. Cushing, as sole devisees of Bruno H. Goll, deceased, are owners of the claim and, therefore, interested in having it sustained and the prayer of the petition granted. George G. Goll, as heir of his mother, Emma A. Goll, deceased, is opposed to the allowance of the claim, as depleting the estate, and, consequently, his share in

it. The petitioner put the note in evidence and proved the signature of the maker, Emma A. Goll, deceased, and also put in evidence documents sustaining the averments of the petition.

The court found, among other things, that "Emma A. Goll, deceased, received no consideration whatsoever during her lifetime for said note, or for the consideration named therein," refused to allow the claim, and dismissed the petition.

The note is dated October 1, 1896, and it is stipulated between the parties that Bruno H. Goll was, at that date, between 20 and 21 years of age. It appears from the evidence for petitioner that Emma A. Goll, deceased, as administratrix of her husband's estate, sold to her son, Bruno H. Goll, a stock of drugs belonging to the estate for $4,000, and Bruno credited that sum on the note.

The main question to be decided is whether the finding of the court that there was no consideration for the note is sustained by the evidence.

Harry T. Jack testified that he was acquainted with Bruno H. Goll for about twenty years prior to his death; that they attended school together and were together until a few months before Bruno's death; that he did not know of his having any property; that he was living with his folks and working in his father's drug store and received a salary, how much, witness does not know, and sometimes borrowed money from witness.

Charles J. Ording testified that he knew Bruno from 1892 till his death; that he, witness, was manager of the drug store for Bruno's father for six years, and was employed by Bruno for two years, and that Bruno was clerking in the drug store for his father October 1, 1896, and was receiving a salary of $75 per month, and that, prior to that time, he had no property, no real estate; that he spent a great deal of his salary, and borrowed money from witness in small amounts, two or three dollars at a time; that they were quite

intimate. Bruno told him everything, and about the time of his coming of age he told him that he had received a nice present from his mother, but did not say what it was. He was a free spender of money. On cross-examination witness testified that sometimes Bruno's father would give him $100; that he never knew of his giving him more than that, and that he gave him diamonds and things.

George G. Goll testified that Bruno H. Goll told the rest of them that the note was a present from his mother, and that they often talked about it, saying it was not exactly fair; that Mrs. Dacy said so. In 1896 Bruno had just left the pharmacy school, and was working in the store, getting $75 per month. He had no property of any kind, except that allowance, prior to October 1, 1896. Father paid his expenses at the pharmacy and other schools. Witness was eleven years of age when the note in question was given.

Emma Goll Dacy, the administratrix, and petitioner, who is named Emma H. Goll in the petition, was questioned and answered as follows:

"Q. Now, state what was said, if anything, in regard to this supposed preference for Bruno H. Goll over the other children?

A. I said that as long as my father had given my brother $10,000, and my mother had given a note for it, and he had also made me a present when I graduated from grammar school, and also my younger sister, of $1,000, that I didn't see why we didn't have a note also."

The witness further testified that what Bruno said was that he was delighted at receiving a present from his mother, which was a diamond stud on his twenty-first birthday; that he did not say, in the presence of witness, that the note was a present from his mother.

Mrs. Cushing testified, in substance, that Bruno did not say the note was a present from his mother, but from his father; also that Mrs. Dacy said it was not quite fair, etc.

Appellant's counsel contend that the finding of the court is contrary to the weight of the evidence, and that the court erred in permitting George G. Goll to testify.

Bruno H. Goll was not 21 years of age at the time the note was made, and the evidence proves beyond question that he had neither money nor property, except his salary and such small gifts as his father made to him occasionally. In other words, the evidence shows the impossibility of any valuable consideration for the note having moved from him. This is impliedly admitted by counsel, in urging that the consideration may have moved from his father. This is very far fetched and not at all probable. Had Bruno H. Goll's father desired to make a gift to him of $10,000, or of property of that value, no reason is apparent why he should have taken the roundabout way of transferring anything of value to his wife as a consideration for her note to Bruno, their son. It was not incumbent on the defendant George G. Goll to prove that no consideration moved from the father of Bruno H. Goll, or from any one except Bruno H. Goll himself. The presumption, in the absence of evidence to the contrary, is that the consideration for a promissory note moved from the payee, and on proof that no consideration moved from the payee, if it is contended that there was a consideration which moved from a third party, the burden of so proving is on the party so contending. If the consideration moved from another than the payee, this is susceptible of proof, whereas it would be impracticable, if not impossible, to prove that no consideration passed from any one in the world. "A gift is always revocable until it is executed, and a promissory note, intended purely as a gift, is but a promise to make a gift in the future. The gift is not executed till the note is paid." Richardson v. Richardson, 148 Ill. 563, 572.

We think the finding of the court that there was no

consideration for the note is sustained by the greater weight of the evidence.

In the examination of George G. Goll he was asked if he knew what interest Mrs. Dacy had in the $6,000 claim, when this objection was made by the attorney for the petitioner: "Objected to by counsel for petitioner as being incompetent from this witness." The court overruled the objection and the ruling is complained of. Counsel for petitioner contend here that George G. Goll was incompetent, as petitioner sued as administratrix and George G. Goll is directly interested, relying on section 2 of chapter 51 of the statutes, in relation to evidence. We are inclined to think the objection too general, that it was not sufficiently specific. The objection seems to be to incompetency of the evidence sought by the question, as coming from the witness. Evidently the court did not understand the objection as referring to the total incompetency of the witness; because, when a specific objection was made to the competency of Mrs. Dacy, the petitioner, as a witness, the court sustained it. But the court permitted Mrs. Dacy to testify as to matters testified to by George G. Goll, but limited her testimony to such matters. No specific objection having been made to the competency of George G. Goll on the hearing, it cannot be successfully urged here. Dewees v. Osborne, 178 Ill. 39.

The decree will be affirmed.

*Affirmed.*